IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No.  11-cv-00315-REB-BNB

RONALD D. ROBINSON,

Plaintiff,

v.

DENVER ART MUSEUM,

Defendant.

_____

# ORDER

_____

It is rare to have so much difficulty holding a scheduling conference.  I originally set the

case for a scheduling conference on May 16, 2011, at 8:30 a.m.  The plaintiff, who is proceeding

*pro se*, appeared, but defense counsel did not.  I entered an order to show cause why a default

should not enter against the defendant for failure to defend and failure to comply with the order

setting the scheduling conference.  Defense counsel responded that he had miscalendared the

time of the conference.

I reset the scheduling conference to May 25, 2011, at 9:30 a.m.  This time defense

counsel appeared, but not the plaintiff.  I entered an order to show cause why the case should not

be dismissed for failure to prosecute and failure to comply with the order setting the scheduling

conference.  The plaintiff responded that he had miscalendared the conference.

I also am informed that the plaintiff is not serving copies of his court filings on defense

counsel as required.

No further problems with caledaring errors will be allowed.  I am setting the case for a scheduling conference on **June 13, 2011, at 11:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  Counsel and *pro se* parties must appear at the scheduling conference **in person**.  Failure to appear at the scheduling conference may result in the imposition of sanctions, including entry of default or dismissal of the case, for failure to prosecute or failure to defend and failure to comply with this order.  See D.C.COLO.LCivR 41.1.

In addition, local rule of practice 5.1A, D.C.COLO.LCivR, requires that copies of all papers filed with the court must also be served on opposing counsel or a *pro se* party "on the same date as the date of filing."  Rule 5.1G requires:

> Each paper . . . shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service.

A *pro se* party, like Mr. Robinson, may not serve and file through the court's electronic case management system unless special permission is obtained, which has not occurred here. Consequently, service on and by Mr. Robinson must be by United States mail, first class postage prepaid, or by hand delivery.  Fed. R. Civ. P. 5(b).  Mr. Robinson's failure to serve on defendant's counsel copies of all papers he files with the court may result in the imposition of sanctions, including striking the unserved paper or, if egregious, dismissal of the case.

IT IS ORDERED:

1.      A scheduling conference is set for **June 13, 2011, at 11:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Counsel and *pro se* parties must appear at the scheduling conference **in person**;

2.      Failure by the plaintiff or defense counsel to appear at the scheduling conference may result in the imposition of sanctions, including entry of default or dismissal of the case, for failure to prosecute or failure to defend and failure to comply with this order.  See D.C.COLO.LCivR 41.1; and

3.      The plaintiff shall serve on defendant's counsel by United States mail, first class postage prepaid, or by hand delivery a copy of all papers he files with the court.

Dated May 27, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge