IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 11-cv-00315-REB-BNB

RONALD D. ROBINSON,

Plaintiff,

v.

DENVER ART MUSEUM,

Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion for Summary Judgment** [Doc. # 39, filed 12/9/2011] (the "Motion for Summary Judgement"), which I respectfully RECOMMEND be DENIED.

In this employment discrimination case, the plaintiff alleges that he was not promoted by his employer to the position of Assistant Custodial Supervisor due to discrimination based on race, color, and age. The race and color claim is based on the fact that the plaintiff is Black, and the age discrimination claim is based on the fact that the plaintiff was 48 years of age at the time he was not promoted.

The plaintiff is proceeding pro se, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). I cannot act as an advocate for a pro se litigant, however. Hall 935 F.2d at 1110.

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all

reasonable inferences to be drawn from the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1070).  Summary judgment should be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Only admissible evidence may be considered when ruling of a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

With respect to the plaintiff's claim of race discrimination, Title VII makes it unlawful for any employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  A claim of race discrimination is evaluated under the three-step McDonnell Douglas framework.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  Under this framework, the plaintiff must first establish a prima facie case of discrimination.  Riggs v. AirTran Airways, Inc., 497 F.3d 1108, 1114 (10th Cir. 2007).  If the plaintiff does so, the employer "must articulate a legitimate, nondiscriminatory reason for the adverse employment action."  Id.  If this is done, "the burden shifts back to the employee to prove that the proffered legitimate reason was a pretext for discrimination."  Id. at 1114-15.

In connection with the plaintiff's age discrimination claim, the Age Discrimination in

Employment Act ("ADEA") makes it "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA requires "but-for" causation; therefore, a plaintiff claiming age discrimination must establish by a preponderance of the evidence that his employer would not have taken the challenged employment action but for the plaintiff's age. Gross v. FBL Financial Services, Inc., 557 U.S. 167, __, 129 S. Ct. 2343, 2351 (2009). Gross does not "preclude [the] continued application of McDonnell Douglas to ADEA claims." Jones v. Oklahoma City Public Schools, 617 F.3d 1273, 1278 (10th Cir. 2010).

In connection with both claims, where the plaintiff has made a prima facie showing of discrimination and the defendant has articulated a legitimate, nondiscriminatory reason for its adverse employment action, a plaintiff can withstand summary judgment if he presents evidence sufficient to raise a genuine dispute of material fact regarding whether the defendant's articulated reason for the adverse employment action is pretextual. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147-49 (2000). Pretext may be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employers proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Rivera v. City and County of Denver, 365 F.3d 912, 920 (10th Cir. 2004).

The plaintiff has established a prima facie case of race discrimination by alleging that the defendant's decision not to promote him was based on his race, and it is undisputed that the plaintiff is Black. Similarly, the plaintiff has established a prima facie case of age discrimination

because he alleges that he was not promoted based on his age, and the evidence shows that he was over 45 at the time of the events in question. The burden now shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its adverse employment action in not promoting the plaintiff. Riggs, 497 F.3d at 1114. To meet this burden, there must be some competent evidence, including depositions, affidavits, discovery responses, or the like indicating the legitimate, nondiscriminatory reason for the defendant's action. Here, there is none. In particular, there is no affidavit or other evidence from the defendant articulating the reason it did not promote the plaintiff.[1] Nor does the Motion for Summary Judgment contain a clear statement of the defendant's asserted nondiscriminatory reason for not promoting the plaintiff.[2]

The plaintiff has failed in its Motion for Summary Judgment to articulate a legitimate, nondiscriminatory reason for not promoting the plaintiff. Accordingly,

I respectfully RECOMMEND that the Motion for Summary Judgment [Doc. # 39] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific,

---

[1] The only indication of a possible nondiscriminatory reason for not promoting the plaintiff is found in questions asked during the plaintiff's deposition, where defense counsel inquired whether the plaintiff had "multilingual ability" and a "working knowledge of Word, Excel, . . . and Outlook." Deposition of Ronald D. Robinson [Doc. # 39-3 through 39-19] ("Robinson Depo.") at p. 43 line 9 through p. 44 line 11 and p. 54 line 13 through p. 55 line 14. The plaintiff acknowledged that he does not possess those skills. Id.

[2] The only argument concerning a nondiscriminatory reason for not promoting the plaintiff is the statement on page 8 of the Motion for Summary Judgment [Doc. # 39] that "[p]laintiff never acquired the skills identified as necessary in the job posting." There is no clear statement, in evidence or argument, indicating that not being multilingual and not possessing computer skills were the defendant's reasons for not promoting the plaintiff.

written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

     Dated February 27, 2012.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge