IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 11-cv-00315-REB-BNB

RONALD D. ROBINSON,

Plaintiff,

v.

DENVER ART MUSEUM,

Defendant.

_____

**ORDER**
_____

This matter arises on the defendant's **Motion for Leave to File Second Motion for Summary Judgment** [Doc. #70, filed 03/15/2012] (the "Motion"), which is DENIED.

The plaintiff filed his amended Title VII Complaint [Doc. # 4] on February 22, 2011. He alleges that the defendant discriminated against him based on age and race when it failed to promote him. The defendant filed its first motion for summary judgment [Doc. #39] (the "First Motion for Summary Judgment") on December 9, 2011 . I recommended that the motion for summary judgment be denied because the defendant failed to submit any affidavits or other evidence articulating a legitimate, nondiscriminatory reason for not promoting the plaintiff. Recommendation [Doc. #57].

The defendant filed a second motion for summary judgment [Doc. #67] (the "Second Motion for Summary Judgment") on March 13, 2012. The district judge struck the Second Motion for Summary Judgment for failure to comply with his practice standards. Minute Order

[Doc. # 68]. The district judge also noted that the deadline for filing dispositive motions had passed. Id.

The defendant now seeks leave to file a third motion for summary judgment. A court may, in its discretion, allow a party to file a successive motion for summary judgment, "particularly if good reasons exist." Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir.1995). The Tenth Circuit Court of Appeals has cautioned, however, that it is not the "usual practice to give litigants the proverbial second bite at the apple." Pippin v. Burlington Resources Oil and Gas Co., 440 F.3d 1186, 1199 (10th Cir. 2006).

Grounds for permitting successive summary judgment motions include an intervening change in the applicable law, Smith v. McGarvie, 321 Fed.Appx. 665, 666, 2009 WL 965806, at *1 (9th Cir. April 7, 2009); where the moving party has expanded the factual record on which summary judgment is sought, Lexicon, Inc. v. Safeco Ins. Co. of America, Inc., 436 F.3d 662, 670, n.6 (6th Cir. 2006); and to correct a clear error or prevent manifest injustice. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 569 (11th Cir.1990).

In addition, because the deadline for filing dispositive motions expired on December 9, 2011, the Motion must also be construed as a request for an extension of time to file a dispositive motion. When an enlargement of time is sought after expiration of a specified deadline, the movant must show that the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To determine whether the neglect is excusable:

> [T]he court must take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Stringfellow v. Brown, 105 F.3d 670, 1997 WL 8856, *1 (10th Cir. Jan.10, 1997) (internal quotations and citation omitted).

The movant's "control over the circumstances is the most important single factor in determining whether neglect is excusable." Id. (internal quotations and citation omitted). A finding of excusable neglect "requires both a demonstration of good faith by [movant] and it must also appear that there was a reasonable basis for not complying with the specified period." Id. at *2 (internal quotations and citation omitted).

Counsel for defendant states that "[p]rior to submitting the initial Motion for Summary Judgment, the undersigned did not have ready access to Ms. Alvarez, the Affiant. She is no longer attached to the Defendant and the undersigned's contact person only works two days a week." Motion [Doc. # 70] at ¶ 2. Contrary to this assertion, however, the Second Motion for Summary Judgment includes the affidavit of Ms. Alvarez in which she states that as of March 13, 2012, she was an employee of the defendant and had been employed by the defendant since 1996. Affidavit of Felicia Alvarez [Doc. # 67-1] at ¶¶ 2-3.

The defendant complains that the plaintiff is *pro se*; "has been non-compliant on multiple occasions"; has been unresponsive to written discovery and the court's order regarding preparation of the Pretrial Order; and has "visited unusual unfairness on the Defendant." Id. at ¶¶ 3-6. However, the defendant does not explain how the plaintiff's behavior prevented it from submitting a timely and successful summary judgment motion. Indeed, the defendant is in possession of the key evidence with regard to articulating a legitimate, nondiscriminatory reason for not promoting the plaintiff.

The defendant also states that "[n]o prejudice will attach to the granting of this motion, as the need for it was directly and proximately caused by the Plaintiff." To the contrary, the defendant submitted its First Summary Judgment Motion without attaching any competent evidence to show a legitimate, nondiscriminatory reason for not promoting the plaintiff. The defendant, not the plaintiff, is the direct and proximate cause for the need to file a successive and untimely summary judgment motion.

Finally, a successive motion for summary judgment would almost certainly result in a delay of the trial, currently set to begin April 30, 2012.

The defendant has not demonstrated any grounds justifying a successive summary judgment motion, nor has it established excusable neglect to extend the dispositive motion deadline.

IT IS ORDERED that the Motion [Doc. # 70] is DENIED.

Dated March 20, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge