**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00315-REB-BNB

RONALD D. ROBINSON,

    Plaintiff,

v.

DENVER ART MUSEUM,

    Defendant.

**ORDER SUSTAINING OBJECTION TO AND REJECTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#57][1] filed February 27, 2012; and (2) **Defendant's Objections to Magistrate's Recommendation Dated February 27, 2012** [#65], filed March 12, 2012. The magistrate judge recommends that defendant's motion for summary judgment in this Title VII and ADEA race/color and age discrimination case be denied because defendant failed to articulate a legitimate, nondiscriminatory reason for its decision not to promote plaintiff. I respectfully reject the recommendation, finding that plaintiff cannot establish a *prima facie* case of race/color or age discrimination that would shift the burden to defendant to articulate a legitimate, nondiscriminatory reason in the first instance.

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Plaintiff is proceeding in this matter *pro se*. Accordingly, and appropriately, the magistrate judge construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers, as have I. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, a litigant's *pro se* status does not excuse him from complying in all particulars with the Federal Rules of Civil Procedure, the Local Rules of this District, and of course, all duly issued orders of the court. **Nielsen v. Price**, 17 F.3d 1276, 1277 (10th Cir. 1994); **Carrillo v. Castle, Stawiarki, LLC**, 2012 WL 12809 at*2 (D. Colo. Jan. 4, 2012).

Defendant served discovery on plaintiff on August 23, 2011, which included, *inter alia*, requests for admission. (**See Motion** App., Exh. 1.) When plaintiff did not respond in the time provided by law, defendant requested a status conference before the magistrate judge. (**Motion for Status Conference** [#31] filed September 28, 2011.) As a result of that status conference, plaintiff was ordered to respond to the discovery requests within a week's time. (**Order** [#34] filed October 11, 2011.) Defendant represents in its motion for summary judgment that plaintiff failed to respond (**Motion** at 3), and there is no evidence on the record before me to suggest otherwise.[2]

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions in federal court. The rule provides that

---

[2] Although it does appear that plaintiff was deposed thereafter, as required by the magistrate judge's order.

> [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either;
> . . .

**FED. R. CIV. P.** 36(a)(1)(A). Requests for admission that are not answered or objected to within 30 days of service are deemed admitted. **FED. R. CIV. P.** 36(a)(3); *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005). "Once a matter is admitted, it 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Raiser*, 409 F.3d at 1246 (quoting **FED. R. CIV. P.** 36(b)). Plaintiff has never objected to nor moved to withdraw these admissions, and, thus, the matters made the subject of the request for admissions are now conclusively established by operation of law. *Id.*

Among the dozen requests thus admitted is a single, crucial, factual admission: "Admit that you did not have all the skills sought in the job/position for which you based your claim of discrimination." (**Motion** App., Exh. 1 ¶ 12 at 5.) In order to make out a prima facie case of discrimination for failure to promote under either Title VII or the Age Discrimination in Employment Act, plaintiff must establish, *inter alia*, that he was qualified for the position to which he sought promotion. *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997) (Title VII); *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1542 (10th Cir. 1987) (ADEA). A plaintiff is "qualified" for purposes of the prima facie case if he possesses the minimal qualifications necessary for the job. *See Corneveaux v. CUNA Mutual Insurance Group*, 76 F.3d 1498, 1502 (10th Cir. 1996); *Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 342 (10th

Cir.), **cert. denied**, 103 S.Ct. 491 (1982).

Given this essential element, plaintiff's admission that he did not have the qualifications necessary for the job to which he sought promotion is fatal to his claims of race/color and age discrimination.[3]  Thus, It was improper to shift the burden of production to defendant to articulate a legitimate, nondiscriminatory reason for its employment decision.  "In the absence of facts tending to establish this initial inference [of the *prima facie* case], plaintiff is not entitled to the presumption of discrimination and a defendant is not required to defend against the charge."  **Adamson v. Multi Community Diversified Services, Inc.**, 514 F.3d 1136, 1146 (10th Cir. 2008).  **See also Pace v. Southern Railway Systems**, 701 F.2d 1383, 1391 (11th Cir.) ("[F]ailure to establish a prima facie case warrants summary judgment."), **cert. denied**, 104 S.Ct. 549 (1983); **Simmons v. Sykes Enterprises, Inc.**, 2009 WL 4015962 at *4 (D. Colo. Nov. 18, 2009) ("While the burden of establishing a prima facie case is not high, it is real, and must be sufficient to warrant the presumption of liability in plaintiff's favor."), **aff'd**, 647 F.3d 943 (10th Cir. 2011).  Accordingly, I must respectfully reject the magistrate judge's recommendation and grant defendant's motion for summary judgment.[4]

---

[3] Moreover, plaintiff acknowledged at his deposition that he was not multilingual and did not have a working knowledge of various computer software programs listed in the description of the job position. (**See Motion** App., Exh. 8 at 54-55.)

[4] I stress that I make this ruling due to plaintiff's failure to prove up his *prima facie* case and not because I share defense counsel's apparent sense of outrage or obvious righteous indignation at the fact that plaintiff filed this lawsuit.  Counsel would be well advised to consider whether the extreme tenor of his filings and his tendency to cast aspersions on the character of his opponent necessarily best serve the interests of his client.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#57] filed February 27, 2012, respectfully, is **REJECTED**;

2. That the objections stated in **Defendant's Objections to Magistrate's Recommendation Dated February 27, 2012** [#65] filed March 12, 2012, are **SUSTAINED** insofar as consistent with the foregoing findings and conclusions;

3. That **Defendant's Motion for Summary Judgment** [#39] filed December 9, 2011, is **GRANTED**;

4. That the Trial Preparation Conference currently scheduled for Friday, April 20, 2012, at 3:00 p.m., as well as the bench trial currently scheduled to commence on April 30, 2012, are **VACATED**;

5. That plaintiff's claims against defendant alleging race/color discrimination pursuant to Title VII and age discrimination pursuant to the ADEA are **DISMISSED WITH PREJUDICE**;

6. That judgment **SHALL ENTER** on behalf of defendant, Denver Art Museum, against plaintiff, Ronald D. Robinson, as to all claims for relief; provided, that the judgment shall be with prejudice; and

7. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated April 6, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge